## No. 747

### HOLSMAN v. HEATON et.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 6540.   Decided June 14, 1926.

First Publication of this Opinion.

**941. PRACTICE A N D PROCEDURE—** Where answer of witness is objected to, request, by opposing counsel, for repitition of part of witness' answer, not misconduct.

Error to Common Pleas.

Judgment affirmed.

J. B. Keenan, Cleveland, for Holsman.

H. H. McNeal and Geo. W. Spooner, Cleveland, for Heaton et.

SULLIVAN, J.

This suit was commenced in the Cuyahoga Common Pleas by Fern Heaton against Ferdinand seywert and Ben Holsman.

Seywert was driving an automobile north toward the intersection of North Ridge Road and Hubbard Road, and Ben Holsman, with Heaton as a passenger, was driving east toward the intersection.

The jury returned a verdict against Holsman for $2,500 and found in favor of the defendant Seywert.

The only error claimed is that the court was guilty of an abuse of sound discretion in connection with alleged misconduct of counsel for Seywert, relative to litigation arising out of the same accident, wherein Holsman was plaintiff and Seywert was defendant.

It seems that a sister-in-law of Seywert was on the witness stand and, on cross-examination, in answer to the interrogatory that the accident had been talked over, she replied that "We had a verdict rendered for us in this case. We have talked it over a great deal, certainly."

Mr. Keenan:   I object to that.

Mr. McNeal:   What is the first part of the answer?

Mr. Keenan:   All right, you ask for that again.

Mr. Keenan:   Now, if the court please, I move for the withdrawal of a juror and ask that the case be continued because of misconduct of counsel.

In the absence of anything apparent upon the record, there is a presumption that counsel asked the question in good faith, and unless a sinister motive was apparent, the conclusion is reasonable that the question at issue was propounded in good faith, otherwise, it would be necessary to ascribe bad faith to counsel.   It is not misconduct for counsel to request that an answer be repeated, especially when it becomes his duty, after an objection is made, either to acquiesce in the objection or, in duty to his client in good faith, to resist the objection and to inform the court as to his reasons.

For a court to withdraw a juror and continue a case, the situation produced must be one which obviously tends to prejudice the rights of the party complaining to such a degree that the injury arising is obvious.   We see no situation, produced by the answer complained of, that would warrant the mis-trial of the cause and the continuance thereof, especially when the court later reprimanded counsel and instructed the jury that the subject of the litigation begun by Holsman against Seywert was not to form any part of their inquiry.

(Levine, PJ, and Vickery, J, concur.)